H. P. WRIGHT V. SAN JACINTO TRUST COMPANY.

No. 6541.    Decided June 24, 1933
(62 S. W., 2d Series, 652.)

*Snell & Aynesworth*, of Houston, for plaintiff.

*Andrews, Streetman, Logue & Mobley* and *T. A. Slack*, of Houston, for defendant.

MR. CHIEF JUSTICE CURETON delivered the opinion of the court.

This case is here under the provisions of Senate Bill No. 173, recently enacted by the Legislature, providing for certificates by trial courts to the Courts of Civil Appeals, and by the latter to the Supreme Court, certifying questions involving the constitutionality of statutes when raised in cases pending which have not been tried and are undisposed of in the trial courts. This measure, in so far as involved in this case, is set out in the opinion in the case of Morrow v. Corbin, this day decided, 122 Texas, 553, 62 S. W. (2d) 641, and it is unnecessary to again state the terms of the enactment.

The facts of the instant case are briefly as follows:

The defendant, the San Jacinto Trust Company, is Trustee

in a certain deed of trust covering real property in the City of Houston, executed to secure an indebtedness due and unpaid of some $3,300. The Trust Company advertised the property for sale under the deed of trust in order to satisfy the debt and lien, to secure which it was executed; whereupon the plaintiff in this action filed suit for an extension of the lien in accordance with the terms of a recent Act of the Legislature, Senate Bill No. 231, known as the Judicial Extension or Moratorium Act, effective May 1, 1933. The plaintiff prayed for a temporary injunction to stay the sale which had previously been advertised. The trial court issued a restraining order, and set the application for temporary injunction down for hearing. The Trust Company filed an answer, in which it was urged that the Stay or Judicial Extension Law invoked by the plaintiff was unconstitutional and void. No further action appears to have been taken. The case simply stands in the trial court for a hearing without the entry of any decree or any appeal from any order. At this stage of the case the trial court certified five questions to the Court of Civil Appeals as to the constitutionality of the Stay or Judicial Extension Act.

We have today held that, in so far as involved in the instant case, the Act of the Legislature authorizing certified questions from the District Courts to the Courts of Civil Appeals, and from the latter to this Court, issued prior to any judgment or decree from which an appeal might lie from the District Court to the Court of Civil Appeals, is void. Morrow v. Corbin, 122 Texas, 553, 62 S. W. (2d) 641, and cases therein cited.

We therefore have no jurisdiction of the cause before us, and under Rule 17, Rules of the Supreme Court, it is our duty to dismiss the certificate of the Court of Civil Appeals,—which is accordingly done.